UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIMITRI Z. STORM, Plaintiff, v. INFORMATION SECURITY OFFICER, et al., Defendants. | No. 2:26-cv-0026 DC CSK P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

For the reasons stated below, the Court recommends that plaintiff's motion to proceed in forma pauperis be denied pursuant to 28 U.S.C. § 1915(g). It is also recommended that plaintiff be ordered to pay the filing fee in full prior to proceeding any further with this action.

I. THREE STRIKES RULE

The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit demonstrating that the person is unable to pay such fees. However, 28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id. "It is well-settled that, in determining a [Section] 1915(g) 'strike,' the reviewing court looks to the dismissing court's action and the reasons underlying it." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (brackets added) (citation omitted). "[Section] 1915(g) should be used to deny a prisoner's in forma pauperis status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2006) (brackets added). "[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008). Dismissal also counts as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint" regardless of whether the case was dismissed with or without prejudice. Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017). Section 1915(g) requires that this Court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

An inmate who accrues three strikes is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to

§ 1915(g).”). “[T]he imminent danger exception to the PLRA three-strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint.” Ray v. Lara, 31 F.4th 692, 695 (9th Cir. 2022).

## II. PLAINTIFF’S PRIOR STRIKES

Plaintiff has had at least three cases dismissed for failure to state a claim upon which relief can be granted. The court takes judicial notice of the following cases constituting strikes because each was dismissed for failure to state a claim: (1) Storm v. Newsom, No. 1:24-cv-0236 KES BAM (P) (E.D. Cal.), dismissed February 7, 2025; (2) Storm v. Newsom, No. 1:24-cv-0743 JLT SKO (P) (E.D. Cal.), dismissed August 18, 2025; and (3) Storm v. Warden, No. 2:25-cv-1483-DJC AC (P) (E.D. Cal.), dismissed December 8, 2025. [1]

The Court takes judicial notice of the lawsuits set forth above. Each prior case was dismissed before the instant action was filed on January 5, 2026, and none of the strikes have been overturned. Thus, the Court finds that plaintiff is precluded from proceeding in forma pauperis unless he is “under imminent danger of serious physical injury.” 28 U.S.C. § 1915(g).

## III. IMMINENT DANGER

Plaintiff marks the box “threat to safety,” but his allegations are based on events in November 2025 and allege a conspiracy with the legal affairs division to alter information on computers, tablets, and hard drives owned by the California Department of Corrections and Rehabilitation. (ECF No. 1 at 3.)

The allegations in plaintiff’s complaint demonstrate that he seeks the imminent danger exception to the three-strikes rule on the basis of the facts supporting his claim for relief. Therefore, the nexus requirement is satisfied. See Ray, 31 F.4th at 695.

However, plaintiff’s allegations fail to demonstrate he faced an imminent danger of serious physical injury at the time he filed the instant action on January 5, 2026, over a year after

[1] A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) (“[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue”) (internal quotation omitted).

the allegations at issue herein. In addition, plaintiff's allegations are conclusory and speculative and therefore do not support an exception to the three strikes rule. See Andrews, 493 F.3d at 1057 n.11.

## IV. CONCLUSION

The Court finds that plaintiff failed to meet his burden under 28 U.S.C. § 1915(g). Therefore, it is recommended that plaintiff's application to proceed in forma pauperis be denied, and plaintiff must submit the appropriate filing fee in order to proceed with this action.

In accordance with the above, IT IS RECOMMENDED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) be denied; and

2. Plaintiff be ordered to pay the filing fee in full prior to proceeding any further with this action in light of his status as a three-strikes litigant within the meaning of 28 U.S.C. § 1915(g).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 24, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/stor0026.1915(g)